UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTY L. KONIECZSKI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )    Case No. 4:11-CV-1502 (CEJ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to remand plaintiff's application for supplemental security income to the ALJ for further review under sentence four of 42 U.S.C. § 405(g). Plaintiff opposes the motion.

On June 13, 2008, plaintiff protectively filed an application for supplemental security income (SSI) under Tile XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff's application was denied on initial consideration, on reconsideration, and by an Administrative Law Judge (ALJ). Plaintiff requested review by the Appeals Council, which denied review. After plaintiff filed this action, counsel for defendant asked the Appeals Council to reconsider. Upon review, the Appeals Council determined that remand for further consideration of plaintiff's claim was appropriate. Specifically, the Appeals Council will remand this case to the ALJ with instructions to associate it with plaintiff's subsequent application for SSI filed on August 17, 2010, which is currently pending before the ALJ, for a new decision on the associated applications. The ALJ will be directed to give further consideration to plaintiff's residual functional capacity (RFC) and her limitations with respect to social functioning. The ALJ will also

be directed to obtain evidence from a vocational expert regarding the effect of plaintiff's assessed limitations on the occupational base.

Plaintiff objects that the scope of the proposed remand is not sufficiently broad to address the errors she alleges in her complaint.  In particular, she argues that the ALJ should also be required to reconsider whether her impairments meet or medically equal listing 12.05(C) at step 3 of the sequential evaluation process.  In addition, she has filed a brief in support of her complaint in which she alleges that the ALJ failed to properly evaluate the effect of plaintiff's obesity on her RFC.[1]  Defendant has not opposed plaintiff's assertion that the scope of remand should be broadened to include additional issues.  The Court finds that judicial economy and the interests of justice are best served by remanding this matter for association with plaintiff's pending application and reconsideration of the issues identified by the Appeals Council and plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reverse and remand [Doc. #13] is **granted**.

A judgment in accordance with this Memorandum and Order will be separately entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2012.

---

[1] Plaintiff's additional allegation of error – that the ALJ failed to obtain the testimony of a Vocational Expert – is addressed by the scope of the proposed remand.